Paul T. Martin (SBN 155367)
Samuel B. Laughlin (SBN: 299720)
HENNELLY & GROSSFELD LLP
10900 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: 310-305-2100
Fax: 310-305-2114
pmartin@hgla.com
slaughlin@hgla.com

Attorneys for Defendants
Ridge Tool Company, erroneously
sued as "Ridge Tool Co." and
Emerson Electric Co.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ERNESTO MATA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50 inclusive, <br><br> Defendants. | CASE NO. <br> (State Court Case No. 21STCV46454) <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** <br><br> Action Filed: December 21, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 and 1441, Ridge Tool Company, erroneously sued as "Ridge Tool Co." ("Ridge Tool") and Emerson Electric Co. ("Emerson") hereby remove to this Court the state court action described below.

1

## A.    REMOVAL IS TIMELY

1. On December 21, 2021, plaintiff ERNESTO MATA ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Los Angeles entitled *Ernesto Mata v. Home Depot U.S.A., Inc., et al.*, Case No. 21STCV46454. A copy of the complaint is attached to the concurrently filed Declaration of Samuel B. Laughlin ("Laughlin Decl.") as Exhibit 1.

2. Plaintiff served the summons and complaint on defendants Ridge Tool and Emerson on February 24, 2022. Copies of the summons, civil case cover sheet, and ADR package are attached to the Laughlin Decl. as Exhibit 2.

3. Plaintiff also served a Statement of Damages on defendants Ridge Tool and Emerson on February 24, 2022, a copy of which is attached to the Laughlin Decl. as Exhibit 3.

4. Defendants Ridge Tool and Emerson timely file this Notice of Removal within 30 days after service of the summons and complaint. *See* 28 U.S.C. §1446.

5. According to the court's online docket, on February 25, 2022, plaintiff filed two proofs of service of summons and complaint, a copy of which are attached to the Laughlin Decl. as Exhibit 17 and Exhibit 18 respectively, showing service on Emerson and defendant Home Depot U.S.A., Inc.

6. Defendant Home Depot U.S.A., Inc. ("Home Depot") filed its Answer on March 9, 2022, attached as Exhibit 19 to the Laughlin Dec.

7. Also on March 9, 2022, Ridge Tool and Emerson filed their Answer to the Complaint, a copy of which is attached to the Laughlin Decl. as Exhibit 20. Defendant Home Depot has not made an appearance. Ridge Tool and Emerson are unaware if defendant Home Depot has been served with the summons and complaint.

/ / /
/ / /
/ / /

**B.     REMOVAL IS PROPER BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

8.     A civil case that could have been commenced in federal court on the grounds of diversity of citizenship may be removed to federal court on this ground. *See* 28 U.S.C. § 1441(a).

9.     Defendants Ridge Tool and Emerson may remove this action under 28 U.S.C. § 1441(b) because this Court has original diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff is a citizen of a different state than each of the defendants, and the amount in controversy exceeds the sum or $75,000.00, exclusive of interest and costs.

10.     Complete diversity exists between Plaintiff and all defendants, both at the time this action was filed and at the time of removal.  Plaintiff is an individual citizen of the United States, domiciled in the State of California, and lives in Bell, California.  *See* Complaint, Exhibit 1, at ¶ 9.

11.     Defendant Ridge Tool is an Ohio corporation with its principal place of business in Ohio.  *See* Laughlin Decl., Exhibit 22.

12.     Defendant Emerson is a Missouri corporation with its principal place of business in Missouri.  *See* Laughlin Decl., Exhibit 23.

13.     Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia.  *See* Laughlin Decl., Exhibit 24.

14.      Home Depot consents to the removal of this action.  *See* Laughlin Decl., ¶ 3.

**C.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

15.     Plaintiff is suing defendants for strict product liability and negligence. Plaintiff alleges that he was injured when using a Telescoping Basin Wrench with LED Light ("Wrench") designed, manufactured, and/or sold by defendants.  *See* Complaint, Exhibit 1, at ¶ 17.  Plaintiff claims that the Wrench was defective and caused him damages, though no details of the alleged defect or how it caused

Plaintiff damages are alleged. *Id*., at ¶¶ 17-35. Plaintiff claims damages for general damages in excess of $1 million and special damages in excess of $1 million. *See id*. at Prayer for Relief; *see also* Statement of Damages, Exhibit 3.

16. Plaintiff claims damages in an amount that exceeds $2 million, an amount that exceeds the "$75,000, exclusive of interests and costs" requirements of 28 U.S.C. § 1332, (a).

17. True and correct copies of all of the pleadings and orders filed in the state court action are attached the Laughlin Decl. as follows:

Exhibit 1: Complaint

Exhibit 2: Summons, Civil Case Cover Sheet, and ADR package

Exhibit 3: Plaintiff's Statement of Damages

Exhibit 4: Notice of the Case Assignment

Exhibit 5: First Amended Standing Order RE: Personal Injury Procedures at the Spring Street Courthouse

Exhibit 6: Third Amended Standing Order RE: Final Status Conference, Personal Injury ("PI") Courts, Effective January 13, 2020

Exhibit 7: Amended Supplemental Standing Order RE Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse

Exhibit 8: Sixth Amended Standing Order RE: Mandatory Settlement Conference, Effective June 21, 2021

Exhibit 9: Voluntary Efficient Litigation Stipulations

Exhibit 10: Stipulation – Early Organizational Meeting for the Superior Court of California, County of Los Angeles Form

Exhibit 11: Stipulation – Discovery Resolution Form

Exhibit 12: Informal Discovery Conference Form

Exhibit 13: Stipulation and Order – Motions in Limine Form

Exhibit 14: Order Pursuant to CCP 1054(a), Extending Time to Respond

Exhibit 15: Standing Order Re: Personal Injury Procedures, Central District

Exhibit 16: Certificate of Mailing of PI General Order, Standing Order Re PI Procedures and Hearing Dates

Exhibit 17: Proof of Service of Summons and Complaint

Exhibit 18: Proof of Service of Summons and Complaint

Exhibit 19: Defendant Home Depot's Answer.

Exhibit 20: Defendants Ridge Tool and Emerson's Answer

Exhibit 21: Copy of state court docket as of March 15, 2022

18. Venue is proper in this Court for purposes of removal because the Superior Court of the State of California, County of Los Angeles is located within the United States District Court, Central District of California – Western Division. This Court is the proper venue under 28 U.S.C. § 84(a) because it is the "district and division embracing the place where" this "action is pending." 28 U.S.C. § 1441(a).

19. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Superior Court of the State of California, County of Los Angeles.

DATED: March 16, 2022                HENNELLY & GROSSFELD LLP

By: /s/ Samuel B. Laughlin
    Paul T. Martin
    Samuel B. Laughlin
    Attorneys for Defendants Ridge Tool Company, erroneously sued as "Ridge Tool Co.," and Emerson Electric Co.

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 10900 Wilshire Blvd., Suite 400 Los Angeles, CA 90024.

On March 16, 2022, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

on the interested parties in this action as indicated below or on the attached service list, together with this declaration, as follows:

| | |
|---|---|
| Igor Fradkin, Esq.<br>DOWNTOWN L.A. LAW GROUP<br>601 N. Vermont Ave.<br>Los Angeles, CA 90004<br>Tel: (213) 389-3765<br>Fax: (877) 389-2775<br>Email: Igor@downtownlalaw.com | Attorneys for Plaintiff<br>ERNESTO MATA |
| Robert K. Dixon<br>Matthew Lippold<br>SANDERS ROBERTS LLP<br>1055 West 7th Street, Suite 3200 Los Angeles, CA 90017<br>Telephone: (213) 426-5000<br>Facsimile: (213) 234-4581<br>rdixon@sandersroberts.com<br>mlippold@sandersroberts.com | Attorneys for Defendant<br>HOME DEPOT U.S.A, INC. |

**(X) (By Mail)** I am readily familiar with the business' practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

**(X) (Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 16, 2022, at Los Angeles, California.

_____
Vicky Daniels