# EXHIBIT 1

21STCV46454
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo
Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2021 11:11 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Igor Fradkin, Esq. - State Bar No. 299491
**DOWNTOWN L.A. LAW GROUP**
601 N. Vermont Ave.
Los Angeles, CA 90004
Tel: (213) 389-3765
Fax: (877) 389-2775
Email: Igor@downtownlalaw.com

Attorneys for Plaintiff
ERNESTO MATA

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ERNESTO MATA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: **21STCV46454** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. STRICT PRODUCT LIABILITY <br> 2. NEGLIGENCE <br><br> [JURY DEMANDED] |

Plaintiff ERNESTO MATA ("Plaintiff") alleges as follows:

1.  Plaintiff ERNESTO MATA is an individual residing in Los Angeles County, California.

2.  Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri

1

COMPLAINT FOR DAMAGES

1 corporation; and DOES 1-50, inclusive, are, and at all times herein mentioned where individuals, corporations, sole proprietors, shareholders, associations, partners and partnerships, joint venturers, and/or business entities unknown, primarily residing and doing business in the County of Los Angeles, State of California.

3. At all times mentioned in this Complaint, Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, distributed the subject Telescoping Basin Wrench with LED light for sale to the general public in the state of California for consumer and commercial use.

4. At all times mentioned in this Complaint, Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive were engaged in the business of manufacturing, sale, development, testing, inspecting, packaging, labeling, advertising, merchandising, and distribution of Telescoping Basin Wrench with LED light.

5. Plaintiff is informed and believes and thereupon alleges, that at all times herein relevant, Defendants and DOES 1 through 50 ("DOES"), and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in interest, alter egos, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting with the authority and ratification of one another and within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, alter egoes, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each Defendant designated as a DOE herein.

6. Plaintiff is informed and believes and thereupon alleges, that at all times herein relevant, Defendants and DOES 1 through 50, and each of them, were the distributors, manufacturers, and/or sellers of the Telescoping Basin Wrench with LED light that Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO.,

unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, sold to Plaintiff and the public who are in some manner liable for the damages complained of herein.

7.  Defendants and DOES 1 through 50, and each of them, were the designers, manufacturers, suppliers, installers, inspectors, repairers of the Telescoping Basin Wrench with LED light that Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, sold to Plaintiff and the public who are in some manner liable for the damages complained of herein.

8.  The true names and capacities, whether corporate, associate, individual or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who sues said DOE Defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE are legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

9.  At all times herein mentioned, the incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of Los Angeles, said incident occurring at or near 6638 Orchard Ave., Bell, CA 90201.

10. Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, have certain minimum contacts with the state of California and purposefully directed their activities, such as conducting business, sales, transfers, distribution, and exchange of products and goods, within the state of California. Plaintiff's injuries within the state of California are related to Defendants HOME DEPOT U.S.A., INC.,

unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, sold to Plaintiff and the public who are in some manner liable for the damages complained of herein.

7. Defendants and DOES 1 through 50, and each of them, were the designers, manufacturers, suppliers, installers, inspectors, repairers of the Telescoping Basin Wrench with LED light that Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, sold to Plaintiff and the public who are in some manner liable for the damages complained of herein.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who sues said DOE Defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE are legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

9. At all times herein mentioned, the incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of Los Angeles, said incident occurring at or near 6638 Orchard Ave., Bell, CA 90201.

10. Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, have certain minimum contacts with the state of California and purposefully directed their activities, such as conducting business, sales, transfers, distribution, and exchange of products and goods, within the state of California. Plaintiff's injuries within the state of California are related to Defendants HOME DEPOT U.S.A., INC.,

## FIRST CAUSE OF ACTION

## (STRICT PRODUCT LIABILITY)

### (Against All Defendants and DOES 1-50)

16. Paragraphs 1 through 15 are realleged and incorporated by this reference.

17. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, designed, developed, tested, manufactured, fabricated, assembled distributed, bought, sold, inspected, marketed, warranted, supplied, modified, and/or provided the subject Telescoping Basin Wrench with LED light, which was purchased by Plaintiff and used by Plaintiff as intended.

18. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, knew or should have known that the subject Telescoping Basin Wrench with LED light had dangerous features, characteristics, operating instructions, and propensities.

19. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, breached their duties and failed to act reasonably by deliberately marketing and advertising the subject Telescoping Basin Wrench with LED light without making sure that the subject Telescoping Basin Wrench with LED light was in a safe and operable condition without defects.

///

///

///

20. Plaintiff ERNESTO MATA was harmed by a product, the subject Telescoping Basin Wrench with LED light that was distributed, manufactured, and/or sold by Defendants. The subject Telescoping Basin Wrench with LED light contained a manufacturing defect, design defect, and did not include sufficient instructions and/or warnings of potential safety hazards.

21. On information and belief, the subject Telescoping Basin Wrench with LED light contained a manufacturing defect when it left each Defendants' possession and the defect was a substantial factor in causing Plaintiff's harm.

22. On information and belief, the subject Telescoping Basin Wrench with LED light was defective because it differed from the manufacturer's design or specifications and/or from other typical units of the same product line.

23. On information and belief, the subject Telescoping Basin Wrench with LED light was defective because the subject wrench did not perform as safely as an ordinary consumer would have expected them to perform when used or misused in an intended or reasonably foreseeable way and this defect was a substantial factor in causing Plaintiff's harm.

24. On information and belief, the subject Telescoping Basin Wrench with LED light had potential risks that were known and/or knowable in light of the knowledge that was generally accepted in the community at the time of the Telescoping Basin Wrench with LED light's manufacture, distribution, and/or sale.

25. On information and belief, the potential risks presented a substantial danger when the subject Telescoping Basin Wrench with LED light is used or misused in an intended or reasonably foreseeable way.

26. On information and belief, the ordinary consumers would not have recognized the potential risks.

27. On information and belief, Defendants failed to adequately warn or instruct of the potential risks.

28. On information and belief, the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm.

6
**COMPLAINT FOR DAMAGES**

29. As a direct and proximate result of the above described acts and/or omissions of Defendants, Plaintiff has suffered special damages, economic damages, consequential damages, incidental damages, and general damages including, but not limited to, severe physical, mental, and emotional injuries, emotional distress, pain and suffering, resulting in substantial expenses, medical expenses, loss of use and enjoyment of life, and lost earnings and earnings capacity, the exact amount of which is unknown to Plaintiff at this time, but subject to proof at time of trial.

30. The defects described herein was a substantial factor and the legal and proximate cause of the injuries, damages, and pain suffered by Plaintiff complained herein.

31. As a result of the defective, negligent, careless, and/or reckless design, testing, development, manufacture, fabrication, assembly, distribution, buying, selling, marketing, warranting, supplying, modifying, and/or providing of the subject Telescoping Basin Wrench with LED light, and the instructions and/or warnings pertaining to the subject Telescoping Basin Wrench with LED light, Plaintiff sustained severe, great, and traumatic personal injuries.

32. As a legal, direct, and proximate result of the above-mentioned conduct of Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, Plaintiff was injured in his health, strength and activity, sustaining injury to his body, and shock and injury to his person, all of which have caused and continue to cause great physical, mental, and emotional pain and suffering all to his general damages, the exact amount of such to be stated according to proof.

33. As a legal, direct, and proximate result of the above-mentioned conduct of Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur

hospital, medical, professional and incidental expenses, the exact amount of such to be stated according to proof.

34. As a legal, direct, and proximate result of the above-mentioned conduct of Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such to be stated according to proof.

35. As a direct and proximate result of the negligence, carelessness, and violation of the law by Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, and each of them, Plaintiff has and will incur a loss of earnings and/or loss of earning capacity, which will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

### (Against All Defendants and DOES 1 through 50, inclusive)

36. Paragraphs 1 through 35 are realleged and incorporated by this reference.

37. Plaintiff believes and alleges that at all times mentioned herein, Defendants owed duties of care to Plaintiff and others to act reasonably, prudently, and safely so as to avoid subjecting Plaintiff and others to any unnecessary threat, risk or injury.

38. On information and belief, Defendants were negligent in designing, manufacturing, supplying, and/or selling the subject Telescoping Basin Wrench with LED light. Defendants failed to use the amount of care in designing, manufacturing, supplying, and/or selling the subject Telescoping Basin Wrench with LED light that a reasonably careful designer, manufacturer, supplier, and/or seller would have used in similar circumstances to avoid exposing Plaintiff to a foreseeable risk of harm. Defendants knew or should have known

about the likelihood and severity of potential harm from the product which could have been avoided by taking safety measures to reduce or avoid the harm.

39. Defendants knew or reasonably should have known that the subject Telescoping Basin Wrench with LED light were dangerous or were likely to be dangerous when used or misused in a reasonably foreseeable manner. Defendants knew or reasonably should have known that users would not realize the danger. Defendants failed to adequately warn of the danger or instruct on the safe use of the subject Telescoping Basin Wrench with LED light. A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the subject Telescoping Basin Wrench with LED light.

40. The negligence of Defendants, and each of them including their failure to warn or instruct, is and was a substantial factor in causing Plaintiff's harm.

41. As a direct and proximate result of the above described acts and/or omissions of Defendants, Plaintiff has suffered special damages, economic damages, consequential damages, incidental damages, and general damages including, but not limited to, severe physical, mental, and emotional injuries, emotional distress, pain and suffering, resulting in substantial expenses, medical expenses, loss of use and enjoyment of life, and lost earnings and earnings capacity, the exact amount of which is unknown to Plaintiff at this time, but subject to proof at time of trial.

42. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown but which will be proven at the time of trial.

43. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown but which will be proven at the time of trial.

44. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants HOME DEPOT U.S.A., INC., a Delaware corporation; RIDGE TOOL CO., unknown entity; EMERSON ELECTRIC CO., a Missouri corporation; and DOES 1-50, inclusive, as follows:

FIRST AND SECOND CAUSES OF ACTION

1. For special damages including medical expenses, both past and future, and all other related special damages incurred by and on behalf of Plaintiff ERNESTO MATA in an amount to be proven at trial;

2. For general damages including for personal injury and pain and suffering and emotional distress by Plaintiff in an amount in excess of the minimum subject matter jurisdiction of this Court;

3. For loss of earnings and earning capacity both past and future, and all other related special damages incurred by and on behalf of Plaintiff ERNESTO MATA;

4. For pre- and post-judgment interest and costs of suit incurred herein;

5. For such other and further relief as this Court may deem just and proper.

DATED: December 15, 2021              DOWNTOWN L.A. LAW GROUP

                                      By: Igor Fradkin, Esq.
                                      Attorney for Plaintiff,
                                      ERNESTO MATA

///

///

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED: December 15, 2021

DOWNTOWN L.A. LAW GROUP

By: Igor Fradkin, Esq.
Attorney for Plaintiff,
ERNESTO MATA