## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-1758 FMO (AFMx)** | Date | **August 22, 2022** |
|---|---|---|---|
| Title | **Ernesto Mata v. Home Depot U.S.A., Inc., <u>et</u> <u>al.</u>** | | |

Present: The Honorable | Fernando M. Olguin, United States District Judge

| Gabriela Garcia | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff: | Attorney Present for Defendants:

None Present | None Present

**Proceedings:**     **(In Chambers) Order Re: Motion to Remand [17]**

On December 21, 2021, Ernesto Mata ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Home Depot U.S.A., Inc., Ridge Tool Company, and Emerson Electric Co. ("defendants") asserting claims for strict product liability and negligence in connection with the purchase and use of a Telescoping Basin Wrench with LED light, which he alleges malfunctioned and injured him.  (<u>See</u> Dkt. 1-2, Notice of Removal ("NOR") Exh. 1, Complaint at ¶¶ 16-44).  In the Complaint, plaintiff alleges that he "has suffered special damages, economic damages, consequential damages, incidental damages, and general damages including, but not limited to, severe physical, mental, and emotional injuries, emotional distress, pain and suffering, resulting in substantial expenses, medical expenses, loss of use and enjoyment of life, and lost earnings and earnings capacity, the exact amount of which is unknown to Plaintiff at this time, but is subject to proof at trial."  (<u>Id.</u> at ¶¶ 29, 41).

On February 21, 2022, plaintiff filed a Statement of Damages indicating that general damages are "[i]n excess of $1,000,000.00" and special damages are "[i]n excess of $1,000,000.00[.]"  (Dkt. 1-4, NOR, Exh. 3, Statement of Damages at 1).  On March 16, 2022, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332.  (<u>See</u> Dkt. 1, NOR at ¶¶ 9, 15).  Plaintiff now seeks remand.  (<u>See</u> Dkt. 17, Motion to Remand ("Motion")).  Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court concludes as follows.

## <u>LEGAL</u> <u>STANDARD</u>

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  <u>See</u> <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction <u>sua</u> <u>sponte</u> before proceeding to the merits of a case, <u>see</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 22-1758 FMO (AFMx)** | Date | **August 22, 2022** |
|---|---|---|---|
| Title | **Ernesto Mata v. Home Depot U.S.A., Inc., et al.** | | |

must remain there until cause is shown for its transfer under some act of Congress." <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1]  <u>See id.</u>  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); <u>see</u> <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  <u>See</u> <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 684 (9th Cir. 2006) (<u>per curiam</u>) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  <u>See</u> <u>Gaus</u>, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### DISCUSSION

Plaintiff contends that defendants have not shown that the amount in controversy exceeds $75,000.  (<u>See</u> Dkt. 17, Motion at 13-17).  As noted above, the Complaint alleges only that plaintiff suffered various forms of damages, "the exact amount of which is unknown . . . , but subject to proof at time of trial."  (<u>See</u> Dkt. 1-2, NOR, Exh. 1, Complaint at ¶¶ 29, 41).  Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard."  <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007); <u>see</u> <u>Canela v. Costco Wholesale Corporation</u>, 971 F.3d 845, 849 (9th Cir. 2020) ("Where . . .a plaintiff's state court complaint does not specify a particular amount of damages, the removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the threshold at the time of removal.") (internal quotation marks omitted).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount."  <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

While a statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim[,]" <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 (9th Cir. 2002), "[a] plaintiff's damage estimate will not establish the amount in controversy . . . if it appears to be only a bold optimistic prediction."  <u>Schroeder v. PetSmart, Inc.</u>, 2019 WL 1895573, *2 (C.D. Cal. 2019) (internal quotation marks omitted).  Here, it is clear that the $2,000,000 in damages set forth in plaintiff's Statement of Damages is simply a "bold, optimistic prediction[,]" <u>id.</u>; <u>see also</u> <u>Romsa v. Ikea U.S. West, Inc.</u>, 2014 WL 4273265, *2 (C.D. Cal. 2014), not a reasonable estimate of plaintiff's claim.  <u>See</u> <u>Romsa</u>,  2014 WL 4273265, at *2 ("The leap from $4,597.77 in medical

---

[1]  For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  <u>See</u> <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-1758 FMO (AFMx)** | Date | **August 22, 2022** |
|----------|---------------------------|------|----------------------|
| Title | **Ernesto Mata v. Home Depot U.S.A., Inc., et al.** | | |

expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit.  [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely.").  Significantly, the Statement of Damages cites no facts to explain how plaintiff determined the $2,000,000 amount.  (See, generally, Dkt. 1-4, NOR, Exh. 3, Statement of Damages); see, e.g., Romsa, 2014 WL 4273265, at *2 (noting that plaintiff's statement of damages did not explain how he arrived at his figures); Owens v. Westwood College Inc., 2013 WL 4083624, *4 (C.D. Cal. 2013) (finding that plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated"); Schroeder, 2019 WL 1895573, at *2-*3 (remanding based on unreasonable statement of damages).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden.  Thus, there is no basis for diversity jurisdiction.[2]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's Motion to Remand **(Document No. 17)** is **granted**.

2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3.  The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer _____ gga _____

---

[2]  Plaintiff seeks an award of attorney's fees and costs in connection with the Motion.  (See Dkt. 17, Motion at 21-23).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).  Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.